E-FILED
Tuesday, 06 September, 2011  11:23:45 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARK PRITCHARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 11-3154 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on Petitioner, Mark Pritchard's, Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. §2255 (Petition) (d/e 1) and the Government's Motion to Dismiss Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (Motion to Dismiss) (d/e 5).  For the reasons that follow, the Petition is DENIED and the Motion to Dismiss is GRANTED.

I. BACKGROUND

On February 25, 2008, Petitioner pleaded guilty to three counts of distributing crack.  The Court entered its written judgment on June 16, 2008, sentencing Petitioner to 188 months' imprisonment.  Petitioner filed a timely notice of appeal.

Petitioner's appellate counsel sought to withdraw under <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he was unable to discern a nonfrivolous issue to pursue. On March 18, 2009, the Seventh Circuit granted counsel's motion to withdraw and dismissed Petitioner's appeal. <u>See</u> <u>United States v. Pritchard</u>, 317 Fed. Appx. 543 (7th Cir. 2009). Petitioner did not file a petition for certiorari to the Supreme Court.

On May 31, 2011, Petitioner filed the instant Petition under § 2255 and raises the following grounds: (1) "whether the functions of the United States sentencing commission and its sentencing guidelines have undermined the integrity of the judiciary, and the operation of the guidelines now violate the doctrine of the separation of powers"; (2) "whether all sentences must be reviewed for reasonableness on procedural or substantive issues without a requirement for special procedural objections in the District Court"; (3) "whether the Court must abandon its prior approval of presumption of reasonableness"; and (4) "whether Petitioner's sentence is substantively unreasonable. Petitioner claims these claims were not previously presented because of the ineffective assistance of counsel."

The Government has filed a Motion to Dismiss alleging the Petition is untimely. Petitioner has filed his Response but did not address the Government's claim that the Petition is untimely.

## II. ANALYSIS

Section 2255 allows a federal prisoner to attack his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "A habeas petitioner filing a 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence must file his petition within a specific period of time." McAllister v. United States, 2010 WL 898005, at *2 (E.D. Wis. 2010). The one-year limitations applicable to § 2255 motions runs from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The statute of limitations on Pritchard's Petition began to run from the date

on which his judgment became final because the other events described in § 2255(f)(2-4) do not apply.  Pritchard does not allege: (1) an impediment to making his Petition was created by governmental action in violation of the Constitution or laws of the United States; (2) any newly-recognized rights by the Supreme Court that were made retroactively applicable to cases on collateral review; or (3) that his Petition was filed within a year of discovering new facts supporting his claim through the exercise of due diligence.

The Supreme Court has held that a petitioner's judgment becomes final when his time to file a petition for a writ of certiorari expires.  Clay v. United States, 537 U.S. 522, 525 (2003).  Supreme Court Rule 13 states "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a ... United States court of appeals ..., is timely filed when it is filed with the Clerk of this Court within 90 days after entry of judgment."

Here, the Seventh Circuit granted counsel's motion to withdraw and dismissed Petitioner's appeal on March 18, 2009.  Petitioner did not file a petition for writ of certiorari to the Supreme Court.  Therefore, for purposes of § 2255, Petitioner's conviction became final 90 days after March 18, 2009 or June 16, 2009.

Petitioner did not file his Petition until May 31, 2011.  Thus, Petitioner's

judgment of conviction was final for almost 2 years prior to the filing of his Petition under § 2255, and he filed his Petition almost one year too late. Therefore, the Petition is barred by the statute of limitations and this Court lacks jurisdiction to entertain it.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also Jimenez v. Quarterman, 129 S. Ct. 681, 684 n.3 (2009). The Court has denied Pritchard's Motion on procedural grounds. This Court concludes that jurists of reason would not find it debatable whether the Petition should be dismissed as untimely.

## IV. CONCLUSION

THEREFORE, the Government's Motion (d/e 5) is GRANTED and

Pritchard's Petition (d/e 1)is DENIED.  A certificate of appealability is DENIED.

This case is CLOSED.

IT IS SO ORDERED.

ENTER: September 6, 2011.

    FOR THE COURT:

                                        s/ Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                                        United States District Judge